IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTHONY JAMES LANE
    Reg. No. 08358-408

    Petitioner,

v.                                              Case No. 5:22cv189/TKW/MAL

WARDEN FCI TALLAHASSEE

    Respondent.
    _____/

## REPORT AND RECOMMENDATION

Petitioner initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. He subsequently filed an amended § 2241 petition and paid the $5.00 filing fee. Docs. 5, 6. In his amended petition, he claims the Federal Bureau of Prisons (BOP) has not applied sentencing credits due to him under the First Step Act (FSA). Doc. 5 at 3. He states the BOP refused to informally resolve this issue when he filed a BP-8, and he does not indicate he pursued any additional administrative remedies. *Id.* at 3, 7.

On October 25, 2022, the court entered an order directing Petitioner to submit two service copies of his amended petition, or alternatively, payment in the amount of $8.00 for the clerk to make copies for him. Doc. 7. That deadline elapsed and

Petitioner did not respond, despite having been warned that failure to comply could result in a recommendation of dismissal of this action.

On November 29, 2022, the undersigned entered an Order to Show Cause why this case should not be dismissed for Petitioner's failure to comply with a court order. Doc. 9. The order provided that the show cause order would be discharged if Petitioner complied with the October 25, 2022 order within the time provided. Petitioner was again warned that failure to comply would result in a recommendation of dismissal of this case. Notwithstanding this admonition, Petitioner still has not responded.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner has failed to comply with Court orders necessary for the continuation of his case, his petition should be dismissed without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1. Petitioner Lane's amended petition under 28 U.S.C. § 2241 be **DISMISSED** without prejudice.

2. The clerk be directed to close the case file.

At Gainesville, Florida on December 15, 2022.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.